# JUBB *v.* THORPE.

CHANCERY JURISDICTION.—Where the parties cannot have an adequate remedy at law, it is the special province of a court of equity to assist parties in carrying out the provisions of their contracts, when the same are unstained by fraud.

APPEAL from the Third District Court for Uinta County.

A sufficient statement of the case appears in the opinion of the court.

*E. P. Johnson,* for appellant, contended that the complainant had an ample remedy at law, and that her complaint should be dismissed, citing Story's Eq. Jur. sec. 1031; Id. secs. 1030, 1032; Id. sec. 49.

*H. Garbanati,* for appellee.

By the Court, BLAIR, J.: It appears from the record in the case that the complainant, Annie Jubb, on the fifteenth day of January, A. D. 1875, filed her amended bill of complaint against the defendant in the district court of Uinta county, setting forth substantially the following facts, viz: That the defendant, on or about the second day of May, 1874, being seised and possessed of two certain houses described in the bill, situate in the town of Evanston, in the county of Uinta, in the territory of Wyoming, applied to complainant for a loan of one thousand seven hundred and thirty-two dollars, the payment of the same to be secured by a mortgage on the property aforesaid.

The complainant charges that she loaned the defendant the sum aforesaid, and to secure the payment of the same took a mortgage on the property aforesaid; that only a part of the sum loaned the defendant had been paid to her, leaving a large balance, with the interest due thereon, still due and unpaid; that by some mistake there was but one witness to the execution of said mortgage, when there should have been two; that said mortgage provided, amongst other

things, that in the event the said sum of money was not paid
by the defendant when it became due and payable, "the
said Annie Jubb shall have the right to take immediate pos-
session of said property, and sell the same at public auction
in manner provided by law." The bill then avers that there
is no special manner provided by law to sell said property,
in accordance with the terms of said mortgage. The com-
plainant then prays that relief may be granted her in the
premises; that the court will decree the property be sold,
her debt paid, and for general relief.

The defendant appeared and answered the bill of the com-
plainant, and the plaintiff filed a replication to said answer.
The court decreed the property sold, which was accordingly
done, and the sale was confirmed. Thereupon the defendant
appealed to this court.

The only question presented for the consideration of this
court in the argument of counsel, was that of jurisdiction.
While it may be said to be an almost inflexible rule, that a
court of equity will not assume jurisdiction, when the party
seeking relief has a full and adequate remedy at law; yet,
when this is not the case, it is the special province of a
court of equity to assist parties in carrying out their con-
tracts when unstained by fraud: Bouv. Inst. vol. 2, 3910–
12–13–15; *Evans* v. *Strode*, 11 Ohio, 480. In this case it is
apparent that there is no adequate remedy at law, by means
of which the clear and evident intention of the parties could
be fully carried out. We are, therefore, of opinion that the
court below rightfully assumed jurisdiction of the case; that
the appeal should be dismissed and the decree and proceed-
ings of the court below affirmed.

Appeal dismissed and decree affirmed.